IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr212

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| JOHN BUCHANAN NESBIT | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon motion of counsel for the defendant requesting

bond (Doc. No. 29) and letters of the defendant pro se requesting appointment of new counsel

(Doc. No. 26, 28).

The defendant pled guilty to Counts Two, Four and Five of the superseding indictment on

March 6, 2006, charging two offenses of possessing with intent to deliver 5 grams or more of

cocaine base and one offense of possessing a firearm in furtherance of a drug trafficking crime.

(Doc. No. 24: Plea Agreement; Doc. No. 25: Acceptance and Entry of Guilty Plea). Thus, the

defendant has been found guilty and is awaiting imposition of sentence for offenses described in

subparagraphs (A), (B), and (C) of subsection (f)(1) of 18 U.S.C. § 3142. Pursuant to §

3143(a)(2), the defendant shall be detained unless the Court finds a substantial likelihood that a

motion for acquittal or new trial will be granted; or an attorney for the government has

recommended that no sentence of imprisonment be imposed; and the Court finds by clear and

convincing evidence the person is not likely to flee or pose a danger to any other person or the

community. 18 U.S.C. § 3143(a)(2)(A)(i), (ii) and (B).

Upon review of the record, even in a light most favorable to the defendant, the Court finds

the defendant has not alleged or established that there is a substantial likelihood that motion for

acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed.  Thus, the Court is obligated by the statute to detain the defendant because the prerequisites for release have not been met. Id.

The defendant's complaints that his counsel had not filed a motion for a bond hearing are now moot.  The defendant also complains that his attorney did not visit him in jail following his plea.  This allegation insufficient to appoint substitute counsel. United States v. Mullen, 32 F.3d 891 (4th Cir. 1994).

**IT IS, THEREFORE, ORDERED** that the defendant's motions are DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: May 8, 2007

Robert J. Conrad, Jr.
Chief United States District Judge