IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr212

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>JOHN BUCHANAN NESBIT )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses, (Doc. No. 55), and the government's response, (Doc. No. 61).

The defendant pled guilty to possessing at least 5 grams of cocaine base with intent to distribute. (Doc. No. 31: Judgment at 1; Doc. No. 24: Plea Agreement at 1). At sentencing, the Court determined that the defendant was responsible for 43.65 grams of cocaine base. (Doc. No. 32: Statement of Reasons (SOR) at 1; Doc. No. 38: Presentence Report (PSR) at ¶ 16). The resulting offense level of 30 was increased by 2 for possessing a firearm during the offense and reduced by 3 for accepting responsibility. (Doc. No. 38: PSR at ¶¶ 16, 17, 23). Combined with a criminal history category of V, the resulting advisory guideline range was 140-175 months. (Doc. No. 32: SOR at 1). The Court sentenced the defendant to 144 months' imprisonment, near the low end of the range. (Doc. No. 31: Judgment at 1).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 55). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time

of sentencing. The amended offense level for possessing 43.65 grams of cocaine base is 28. USSG Supp. to Appx. C., Amend. 706 (2007). The addition of 2 levels for offense characteristics and the subtraction of 3 levels for acceptance of responsibility, results in a total offense level of 27. The amended guideline range, given a criminal history category of V, is 120-150 months. The defendant and the government recommend imposing a 123-month sentence, near the low end of the amended range. (Doc. No. 55: Motion at 4; Doc. No. 61: Response at ¶ 9). The Bureau of Prisons has credited the defendant with serving approximately 43 months' incarceration. (Doc. No. 59: PSR Supplement at 1).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 123 months' imprisonment on each count to be served concurrently.

**IT IS FURTHER ORDERED** that, that upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 24, 2008

Robert J. Conrad, Jr.
Chief United States District Judge